# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EMERSON FELIX,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLENDENIN, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01784-AWI-BAM (PC)<br><br>ORDER DIRECTING PLAINTIFF TO INITIATE AND COMPLETE SERVICE OF PROCESS ON NAMED DEFENDANTS<br><br>**NINETY (90) DAY DEADLINE**<br><br>ORDER DIRECTING CLERK OF COURT TO ISSUE SUMMONSES<br><br>ORDER REQUIRING PLAINTIFF TO FILE MOTION TO AMEND TO SUBSTITUTE NAMES OF DOE DEFENDANTS<br><br>**NINETY (90) DAY DEADLINE** |

Plaintiff Scott Emerson Felix ("Plaintiff") is a civil detainee proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); 42 U.S.C. § 1997e(c). The Court is also authorized to screen complaints brought by plaintiffs proceeding *in forma pauperis*. 28 U.S.C. § 1915(e).

1

As noted above, Plaintiff is a civil detainee, and is not considered a prisoner within the meaning of the Prison Litigation Reform Act. Page, 201 F.3d at 1140. In addition, Plaintiff has recently paid the filing fee in this action, and is therefore not proceeding *in forma pauperis*. (ECF Nos. 10, 12.) Accordingly, this action proceeds to service without screening by the Court.

As Plaintiff is not proceeding *in forma pauperis*, he is responsible for serving Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. Included with this order are the appropriate service forms and a copy of Rule 4. Unless good cause for an extension of time is shown, Plaintiff must complete service of process and file proof thereof with the Court within ninety (90) days. Fed. R. Civ. P. 4(m). The following two sections contain instructions on how to serve Defendants.

**I.    Instructions on Completing Service of Process**

   **A.    Waiver of Service**

Plaintiff has the option of notifying Defendants of the commencement of this action and requesting that they waive service of the summons. Fed. R. Civ. P. 4(d)(1). If Plaintiff wishes to do this, he must mail each Defendant (1) the form entitled "Notice of Lawsuit and Request to Waive Service for Summons," (2) two copies of the form entitled "Waiver of Service of Summons," (3) a copy of the complaint; (4) a copy of this order; and (5) a stamped, self-addressed envelope for returning one copy of the signed waiver form to Plaintiff. The documents must be addressed directly to each Defendant (*not the Attorney General's Office or any other governmental entity*), and the documents must be sent by first-class mail or other reliable means. Id. The Waiver of Service of Summons form must set forth the date on which the request is sent and must allow each Defendant at least thirty (30) days to return the waiver to Plaintiff. If Defendants sign and return the waiver forms to Plaintiff, Plaintiff must then file the forms with the Court. After filing the forms with the Court, Plaintiff does not need to do anything further to serve Defendants. Fed. R. Civ. P. 4(d)(4).

   **B.    Personal Service**

If either (1) Plaintiff does not wish to request Defendants to waive service or (2) one or more of the Defendants fail to return the Waiver of Service of Summons form to Plaintiff,

2

Plaintiff must have personal service effected on Defendants.  In either situation, the summons, a copy of the complaint, and a copy of this order must be personally served on each Defendant (*not the Attorney General's Office or any other governmental entity*).  *Plaintiff may not effect personal service himself*.  Fed. R. Civ. P. 4(c)(2).  *Service may be effected by any person who is not a party to this action and who is at least eighteen years old*.  Id.  The Court will provide Plaintiff with a copy of Rule 4 along with this order.  Plaintiff should review Rule 4(e), which addresses how personal service is effected.  After personal service is effected on Defendants, Plaintiff must file proof of service with the Court.  Fed. R. Civ. P. 4(l).

## II.   **Doe Defendants**

At this time, the Court does not find service appropriate for Defendants John and Jane Does 1–25 employed at California Department of State Hospitals or Defendants John and Jane Does 1–25 employed at California Department of State Hospitals – Coalinga.  Plaintiff will be required to identify these defendants with enough information to locate them for service of process.  Once Plaintiff identifies the Doe Defendants, Plaintiff must file a motion to amend, including a proposed amended complaint substituting the true names of the Doe Defendants.  The Court will then order the Clerk of the Court to issue summonses for those Defendants so Plaintiff can complete service of process on the identified defendants.  However, if Plaintiff fails to identify any of the Doe Defendants during the course of this action, the unidentified defendants will be dismissed from this action.

## III.   **Order**

Accordingly, it is HEREBY ORDERED as follows:

1. This action shall proceed on Plaintiff's complaint, filed on December 23, 2019, (ECF No. 1), against the following named defendants:

   a. The California Department of State Hospitals;

   b. The Department of State Hospitals – Coalinga;

   c. Stephanie Clendenin, Acting Director of the Department of State Hospitals (DSH);

   d. Brandon Price, Executive Director of Department of State Hospitals – Coalinga;

   e. Francis Hicks, Hospital Administrator of Department of State Hospitals –

1    Coalinga; and

2       f. Mathew Zelt, Director of Central Program Services of Department of State Hospitals – Coalinga;

2. The Clerk of the Court is directed to issue and send Plaintiff six (6) summonses, and one copy of each of the following documents:

   a. Complaint filed December 23, 2019 (ECF No. 1);
   b. "Notice of Lawsuit and Request to Waive Service for Summons" form;
   c. "Waiver of Service" form; and
   d. Rule 4 of the Federal Rules of Civil Procedure;

3. Plaintiff shall complete service of process on these defendants within **ninety (90) days** from the date of service of this order;

4. Within **ninety (90) days** from the date of service of this order, Plaintiff shall file a motion to amend with a proposed complaint that identifies the true names of the Doe Defendants with enough information to locate them for service of process;

5. **Unless good cause is shown, Plaintiff's failure to timely complete service of process on Defendants and to file proof thereof with the Court will result in dismissal of any unserved defendants. Fed. R. Civ. P. 4(m)**; and

6. **Plaintiff's failure to file an amended complaint identifying the Doe Defendants will result in dismissal of any unidentified Doe Defendants from this action**.

IT IS SO ORDERED.

Dated:   **July 23, 2020**          /s/ Barbara A. McAuliffe
                                                    UNITED STATES MAGISTRATE JUDGE