# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EMERSON FELIX,<br><br>        Plaintiff,<br><br>    v.<br><br>CLENDENIN, *et al.*,<br><br>        Defendants. | Case No. 1:19-cv-01784-AWI-BAM (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT ZELT SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>(ECF No. 27)<br><br>**THIRTY (30) DAY DEADLINE** |

**I.**     **Introduction**

Plaintiff Scott Emerson Felix ("Plaintiff") is a civil detainee proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institution Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

As Plaintiff is a civil detainee and has paid the filing fee, he is not a prisoner or proceeding *in forma pauperis*, and therefore the Court ordered the complaint to be served without screening. (ECF No. 13.) This action therefore proceeds on Plaintiff's complaint, filed December 23, 2019, (ECF No. 1), against Defendants California Department of State Hospitals, Department of State Hospitals – Coalinga, Stephanie Clendenin, Brandon Price, Francis Hicks, and Matthew Zelt.

**II.     Service by the United States Marshal**

On September 28, 2021, the Court issued an order directing the United States Marshal to initiate service of process in this action upon all defendants.  (ECF No. 24.)  Waivers of service were returned executed for Defendants Clendenin, Hicks, Price, California Department of State Hospitals, and Department of State Hospitals – Coalinga.  (ECF Nos. 26, 31.)  These defendants also filed a motion to dismiss on November 29, 2021.  (ECF Nos. 28–30.)

On November 15, 2021, the United States Marshal filed a return of service unexecuted as to Defendant Matthew Zelt.  (ECF No. 27.)

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3).  "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ."  *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'"  *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 115 (1995).  However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate.  *Walker*, 14 F.3d at 1421–22.

Here, the U.S. Marshal attempted to serve Defendant Zelt with the information that Plaintiff provided.  However, the Marshal was informed that Defendant Zelt is no longer

2

employed by the Department of State Hospitals, no forwarding address was provided, and they are unable to locate Defendant Zelt.  (ECF No. 27.)  Plaintiff therefore has not provided sufficient information to identify and locate Defendant Zelt for service of process.  If Plaintiff is unable to provide the Marshal with the necessary information to identify and locate this defendant, Defendant Zelt shall be dismissed from this action, without prejudice.  Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Zelt should not be dismissed from the action at this time.

### III.    Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Zelt should not be dismissed from this action; and

2. <u>The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Zelt from this action</u>.

IT IS SO ORDERED.

Dated:   **December 8, 2021**              /s/ Barbara A. McAuliffe            _
                                        UNITED STATES MAGISTRATE JUDGE

3