# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EMERSON FELIX,<br><br>    Plaintiff,<br><br>    v.<br><br>CLENDENIN, *et al.*,<br><br>    Defendants. | Case No. 1:19-cv-01784-AWI-BAM (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND AND RENEWED MOTIONS FOR APPOINTMENT OF COUNSEL, *IN FORMA PAUPERIS* STATUS, AND DISCOVERY<br>(ECF No. 33)<br><br>ORDER EXTENDING DEADLINE TO IDENTIFY DOE DEFENDANTS<br><br>**SIXTY (60) DAY DEADLINE** |

**I.    Procedural Background**

Plaintiff Scott Emerson Felix ("Plaintiff") is a civil detainee proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Individuals detained pursuant to California Welfare and Institution Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

As Plaintiff is a civil detainee and has paid the filing fee, he is not a prisoner or proceeding *in forma pauperis*, and therefore the Court ordered the complaint to be served without screening by the Court.  (ECF No. 13.)  This action therefore proceeds on Plaintiff's complaint, filed December 23, 2019, (ECF No. 1), against Defendants California Department of State Hospitals ("DSH"), Department of State Hospitals – Coalinga ("DSH – Coalinga"), Stephanie

1

Clendenin, Brandon Price, Francis Hicks, and Matthew Zelt.

The Court did not find service appropriate for Defendants John and Jane Does 1–25 employed at DSH or Defendants John and Jane Does 1–25 employed at DSH – Coalinga, and ordered Plaintiff to identify these defendants with enough information to locate them for service of process by filing a motion to amend that included a proposed amended complaint substituting the true names of the Doe Defendants. (ECF No. 13.)

On August 26, 2021, the Court issued an order denying Plaintiff's motion for appointment of counsel, denying Plaintiff's motion for *in forma pauperis* status as moot, granting in part Plaintiff's motion for a court order regarding his *pro se* status, granting Plaintiff's motion for service by the United States Marshals Service, and granting Plaintiff's motion for extension of time to identify Doe Defendants. (ECF No. 21.)

Plaintiff renewed his motions seeking appointment of counsel, *in forma pauperis* status, an extension of time for discovery, service by the United States Marshals Service, and an extension of time to identify Doe Defendants on September 27, 2021. (ECF No. 23.) The Court denied these requests for the reasons explained in the Court's August 26, 2021 order, or as moot because they had previously been granted. (ECF No. 25.)

On November 29, 2021, Defendants DSH, DSH – Coalinga, Clendenin, Price, and Hicks filed a motion to dismiss. (ECF Nos. 28–30.) A second attempt to serve Defendant Zelt has been directed by separate order.

**II.     Plaintiff's Motion to Amend and Renewed Motions**

Currently before the Court is Plaintiff's filing of December 27, 2021, which purports to be a motion to amend to substitute the names of the Doe Defendants. (ECF No. 33.) Plaintiff has attached a photocopy of the original complaint filed on December 23, 2019. Plaintiff also renews his motions for appointment of counsel, *in forma pauperis* status, and discovery. (*Id.*)

As Plaintiff's renewed requests for appointment of counsel and *in forma pauperis* status merely reiterate arguments raised in the prior motions, those requests are denied for the same reasons discussed in the Court's August 26, 2021 order. (ECF No. 21.) To the extent Plaintiff argues that he is entitled to proceed *in forma pauperis* in this action due to his status as a civil

2

detainee (rather than a prisoner), Plaintiff is again informed that he was denied *in forma pauperis* status because he has already paid the filing fee in full for this action, not because the Court believed he was a prisoner.

Plaintiff's request regarding ordering Defendants to conduct discovery regarding the identities of the Doe Defendants is also denied as moot. With respect to discovery, Plaintiff is again informed that discovery has not yet opened in this action. Once the Court has issued an order opening discovery, Plaintiff may serve appropriate discovery requests on Defendants as described in that order. Although Plaintiff alleges that Defendants and their attorneys have obstructed Plaintiff's efforts to identify the Doe Defendants through the discovery process, Plaintiff is reminded that discovery has not yet opened. At this time, the Court therefore declines to find that any such obstruction has occurred, or that any sanctions are warranted with respect to Plaintiff's purported discovery requests. The Court also denies Plaintiff's request to compel Defendants to identify the Doe Defendants.

To the extent Plaintiff is requesting leave to re-file the original complaint as an amended complaint, the request is denied. It does not appear that Plaintiff has changed the original complaint in any way, and he has not provided any identifying information about the Doe Defendants such that an amended complaint would be appropriate at this time. The motion to amend is denied without prejudice.

Finally, in light of Plaintiff's continued efforts to obtain the identities of the Doe Defendants, as well as the pending motion to dismiss filed by the named defendants, the Court finds it appropriate to extend the deadline for Plaintiff to identify the Doe Defendants.

**III.   Order**

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Plaintiff's motion to amend, (ECF No. 33), is DENIED, without prejudice;
2. Plaintiff's renewed motion for appointment of counsel, (ECF No. 33), is DENIED, without prejudice;
3. Plaintiff's renewed motion for *in forma pauperis* status, (ECF No. 33), is DENIED, as moot;

3

4. Plaintiff's renewed request for discovery, (ECF No. 33), is DENIED as moot;

5. Within **sixty (60) days** from the date of service of this order, Plaintiff shall file a motion to amend with a proposed first amended complaint that identifies the true names of the Doe Defendants with enough information to locate them for service of process; and

6. **Plaintiff's failure to file a motion to amend and proposed first amended complaint in compliance with this order will result in the dismissal of any unidentified Doe Defendants from this action**.

IT IS SO ORDERED.

Dated:   **June 30, 2022**              /s/ Barbara A. McAuliffe          _
                                         UNITED STATES MAGISTRATE JUDGE