# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EMERSON FELIX,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CLENDENIN, *et al.*,<br><br>　　　　Defendants. | Case No.  1:19-cv-01784-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTIONS FOR APPOINTMENT OF COUNSEL AND *IN FORMA PAUPERIS* STATUS<br>(ECF No. 38)<br><br>ORDER DISCHARGING JULY 1, 2022 ORDER TO SHOW CAUSE<br>(ECF No. 37)<br><br>ORDER DIRECTING DEFENDANTS TO RE-SERVE MOTION TO DISMISS ON PLAINTIFF WITHIN **SEVEN (7) DAYS**<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO OPPOSE MOTION TO DISMISS<br>(ECF No. 38)<br><br>**FORTY-FIVE (45) DAY DEADLINE** |

　　　Plaintiff Scott Emerson Felix ("Plaintiff") is a civil detainee proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Individuals detained pursuant to California Welfare and Institution Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

　　　As Plaintiff is a civil detainee and has paid the filing fee, he is not a prisoner or proceeding *in forma pauperis*, and therefore the Court ordered the complaint to be served without screening by the Court.  (ECF No. 13.)  This action therefore proceeds on Plaintiff's complaint, filed December 23, 2019, (ECF No. 1), against Defendants California Department of State

1

Hospitals ("DSH"), Department of State Hospitals – Coalinga ("DSH – Coalinga"), Stephanie Clendenin, Brandon Price, Francis Hicks, and Matthew Zelt.

Plaintiff previously filed motions for appointment of counsel and requesting *in forma pauperis* status, which were denied. (ECF No. 21.) Plaintiff has repeatedly renewed these requests by raising the same arguments, (ECF Nos. 23, 33), and the Court has repeatedly denied the requests on the same grounds, (ECF Nos. 25, 35).

On November 29, 2021, Defendants DSH, DSH – Coalinga, Clendenin, Price, and Hicks filed a motion to dismiss. (ECF Nos. 28–30.) Pursuant to Local Rule 230(l) and Federal Rule of Civil Procedure, Plaintiff's opposition or statement of non-opposition was due on or before December 23, 2021. On July 1, 2022, following Plaintiff's failure to file an opposition or other response, the Court issued an order for Plaintiff to show cause why this action should not be dismissed, with prejudice, for failure to prosecute. (ECF No. 37.)

Plaintiff filed a response to the Court's order to show cause on July 27, 2022. (ECF No. 38.) In his response, Plaintiff again renews his requests for appointment of counsel and for *in forma pauperis* status. Plaintiff contends that due to continued denial of access to the law library, computer lab, and research computer due to COVID quarantines and administrative ordered lockdowns, he cannot adequately respond to the Court's orders or to Defendants' motion to dismiss. Plaintiff further requests a 60-day continuance to respond to Defendants' motion to dismiss, stating that he has never received a copy of the motion to dismiss and therefore is unable to file a response.

Defendants have not yet had an opportunity to respond to Plaintiff's motion, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

As Plaintiff's renewed requests for appointment of counsel and *in forma pauperis* status reiterate arguments raised in the prior motions, and are primarily comprised of photocopies of his prior motions, those requests are again denied for the reasons discussed in the Court's August 26, 2021 order. (ECF No. 21.)

In light of Plaintiff's assertion that he has not yet received Defendants' motion to dismiss, the Court finds it appropriate to grant, in part, Plaintiff's request for an extension of time to file an

opposition or statement of non-opposition to the motion to dismiss. Defendants are directed to re-serve a copy of the motion to dismiss and all applicable attachments to Plaintiff at his current address of record, **and Defendants are instructed to include Plaintiff's patient number (550−4) in the address**. **Defendants are advised to include Patient's complete address and patient number, as set forth on the docket, in all future correspondence directed to Plaintiff**.

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Plaintiff's renewed motion for appointment of counsel, (ECF No. 38), is DENIED, without prejudice;
2. Plaintiff's renewed motion for *in forma pauperis* status, (ECF No. 38), is DENIED, as moot;
3. Plaintiff's motion for extension of time to file a response to Defendants' motion to dismiss, (ECF No. 38), is GRANTED IN PART;
4. The July 1, 2022 order to show cause, (ECF No. 37), is DISCHARGED;
5. Within **seven (7) days** from the date of service of this order, Defendants shall re-serve a copy of the November 29, 2021 motion to dismiss, (including ECF Nos. 28–30 and any applicable attachments), to Plaintiff at his current address of record, **including Plaintiff's patient number**, as set forth on the docket;
6. Within **forty-five (45) days** from the date of service of this order, Plaintiff shall file an opposition or statement of non-opposition to Defendants' motion to dismiss; and
7. **Plaintiff is warned that if he fails to comply with the Court's order, this matter will be dismissed, with prejudice, for failure to prosecute and failure to comply with a court order.**

IT IS SO ORDERED.

Dated: **July 28, 2022**         /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE

3