# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EMERSON FELIX,<br><br>           Plaintiff,<br><br>     v.<br><br>CLENDENIN, *et al.*,<br><br>           Defendants. | Case No.  1:19-cv-01784-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS DOE DEFENDANTS FROM ACTION WITHOUT PREJUDICE<br><br>(ECF No. 36)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Procedural History**

Plaintiff Scott Emerson Felix ("Plaintiff") is a civil detainee proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Individuals detained pursuant to California Welfare and Institution Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act.  *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

As Plaintiff is a civil detainee and has paid the filing fee, he is not a prisoner or proceeding *in forma pauperis*, and therefore the Court ordered the complaint to be served without screening.  (ECF No. 13.)  This action therefore proceeds on Plaintiff's complaint, filed December 23, 2019, (ECF No. 1), against Defendants California Department of State Hospitals ("DSH"), Department of State Hospitals – Coalinga ("DSH – Coalinga"), Stephanie Clendenin, Brandon Price, Francis Hicks, and Matthew Zelt.[1]

---

[1] Defendants DSH, DSH – Coalinga, Clendenin, Price, and Hicks filed a motion to dismiss on August 2, 2022.  (ECF

1

The Court did not find service appropriate for Defendants John and Jane Does 1–25 employed at DSH or Defendants John and Jane Does 1–25 employed at DSH – Coalinga, and ordered Plaintiff to identify these defendants with enough information to locate them for service of process by filing a motion to amend that included a proposed amended complaint substituting the true names of the Doe Defendants. (ECF No. 13.) Following several extensions of time, Plaintiff's motion to substitute the identities of the Doe Defendants was due on or before September 1, 2022. (ECF Nos. 21, 36.) Plaintiff was warned that if he failed to file a motion to amend and proposed first amended complaint in compliance with the Court's order, the Court would dismiss any unidentified Doe Defendants from this action. (ECF No. 36, p. 4.)

The deadline for Plaintiff's response to the Court's June 30, 2022, order has expired. To date, Plaintiff has not filed a motion to substitute the identities of any of the Doe Defendants or otherwise complied with the Court's order.

**II.     Discussion**

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A] prisoner 'is entitled to rely on the U.S. Marshal for service' . . . as long as he or she 'provide[s] the necessary information to help effectuate service.'" *Schrubb v. Lopez*, 617 Fed. Appx. 832, 832 (9th Cir. 2015) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995)). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (quoting *Sellers v.*

---

No. 42.) Following service of process, Defendant Zelt's response to the complaint is currently due on or before September 30, 2022. (ECF No. 44.)

*United States*, 902 F.2d 598, 603 (7th Cir.1990)), *overruled on other grounds by Sandin*, 515 U.S. at 483–84.  However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate.  *Walker*, 14 F.3d at 1421–22.

Although Plaintiff is not proceeding *in forma pauperis*, the Court found that Plaintiff could not afford to hire another individual to serve Defendants, and granted his request for an order that service be made by a United States Marshal.  (ECF No. 21.)  Therefore, it remains Plaintiff's responsibility to provide sufficient information regarding the identities of any defendant so the Marshal may effectuate service.

Plaintiff has been granted multiple opportunities to provide sufficient information to identify Doe Defendants so the United States Marshal may serve the summons and complaint.  Despite a warning that failure to do so would result in dismissal of any unidentified Doe Defendants from this action, Plaintiff has not complied with the Court's orders.  In addition, Plaintiff has failed to set forth good cause for his failure to identify Doe Defendants, and has failed to provide any explanation detailing the efforts he has taken to locate the names of Doe Defendants.

**III.     Recommendation**

Accordingly, the Court HEREBY RECOMMENDS that Defendants John and Jane Does 1–25 employed at DSH and Defendants John and Jane Does 1–25 employed at DSH – Coalinga be dismissed from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)

(citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

| Dated: | **September 16, 2022** | /s/ *Barbara A. McAuliffe* |
|---|---|---|
| | | UNITED STATES MAGISTRATE JUDGE |