# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EMERSON FELIX,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLENDENIN, *et al.*,<br><br>　　　　Defendants. | Case No. 1:19-cv-01784-AWI-BAM (PC)<br><br>ORDER CONSTRUING PLAINTIFF'S MEMORANDUM AS MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS TO DISMISS DOE DEFENDANTS FROM ACTION WITHOUT PREJUDICE<br><br>(ECF No. 51)<br><br>**THIRTY (30) DAY DEADLINE** |

　　　　Plaintiff Scott Emerson Felix ("Plaintiff") is a civil detainee proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

　　　　As Plaintiff is a civil detainee and has paid the filing fee, he is not a prisoner or proceeding *in forma pauperis*, and therefore the Court ordered the complaint to be served without screening. (ECF No. 13.) This action therefore proceeds on Plaintiff's complaint, filed December 23, 2019, (ECF No. 1), against Defendants California Department of State Hospitals

("DSH"), Department of State Hospitals – Coalinga ("DSH – Coalinga"), Stephanie Clendenin, Brandon Price, Francis Hicks, and Matthew Zelt.[1]

The Court did not find service appropriate for Defendants John and Jane Does 1–25 employed at DSH or Defendants John and Jane Does 1–25 employed at DSH – Coalinga, and on July 24, 2020, ordered Plaintiff to identify those defendants with enough information to locate them for service of process by filing a motion to amend that included a proposed amended complaint substituting the true names of the Doe Defendants. (ECF No. 13.)

Plaintiff was granted several extensions of time to identify these defendants, and on December 27, 2021 he submitted a filing which purported to be a motion to amend to substitute the names of the Doe Defendants, including a photocopy of the original complaint filed on December 23, 2019. (ECF No. 33.) That filing was signed and dated November 19, 2021. (*Id.*) As the filing did not include any additional identifying information about the Doe Defendants, the motion to amend was denied without prejudice on June 30, 2022. (ECF No. 36.) However, in light of Plaintiff's continued efforts to obtain the identities of the Doe Defendants, Plaintiff was granted a further extension of time, up to September 1, 2022, to identify the Doe Defendants. (*Id.*)

On September 16, 2022, following the expiration of that deadline and Plaintiff's failure to file a renewed motion to substitute the identities of any of the Doe Defendants, the Court issued findings and recommendations to dismiss the Doe Defendants, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 46.) Plaintiff was directed to file any objections within fourteen days from the date of service of that order. (*Id.* at 3–4.)

Currently before the Court is Plaintiff's "Memorandum," filed October 3, 2022. (ECF No. 51.) In this filing, Plaintiff states that he received the Court's findings and recommendations on September 22, 2022, and that he notified the Court Clerk on that date that it would be impossible for him to respond to the Court's order within fourteen days after being served. Plaintiff states

---

[1] Defendants DSH, DSH – Coalinga, Clendenin, Price, and Hicks filed a motion to dismiss on August 2, 2022. (ECF No. 42.) That motion is fully briefed and pending before the Court.
    Following service of process, Defendant Zelt's response to the complaint was due on or before September 30, 2022. (ECF No. 44.) The Court has directed Defendant Zelt to show cause why default should not be entered, or to file a response to the complaint, on or before November 7, 2022. (ECF No. 50.)

that he will be filing a motion for extension of time in order to locate, copy, and submit the motion to amend originally filed with the Court on November 19, 2021, because the filing has been placed in the hospital's archive storage area. Plaintiff requests that the Court consider that Defendants may have obstructed the Court's receipt of his November 19, 2021 motion to amend. (*Id.*)

Based on the contents of the filing, the Court will construe the filing as a motion for extension of time to file objections to the pending findings and recommendations. Although Defendants have not yet had an opportunity to file a response, the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

The Court finds good cause to grant the requested extension of time based on the date Plaintiff received the findings and recommendations, and the apparent misunderstanding regarding the November 19, 2021 motion to amend. The Court further finds that Defendants will not be prejudiced by the brief extension granted here.

Plaintiff is informed that the Court did receive the November 19, 2021 motion to amend. That motion was filed with the Court on December 27, 2021. (ECF No. 33.) The Court reviewed the motion and arguments therein and on June 30, 2022, the motion to amend was denied, without prejudice. (ECF No. 36.) Plaintiff was also granted an extension of time to file a motion to amend and proposed first amended complaint that identified the true names of the Doe Defendants with enough information to locate them for service of process. (*Id.* at 3–4.) Pursuant to that order, Plaintiff's renewed motion to amend was therefore due on or before September 1, 2022.

Based on the above, Plaintiff will be permitted additional time to file **objections** to the pending findings and recommendations. However, Plaintiff should **not** file an additional copy of his November 19, 2021 motion to amend, as the Court has already reviewed and rejected the arguments contained in that filing. If Plaintiff has discovered new information regarding the identities of the Doe Defendants since he filed the November 19, 2021 motion to amend, he may discuss that information, and why it was not presented to the Court at an earlier time, in his objections.

3

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's memorandum, (ECF No. 51), is construed as a motion for extension of time;
2. Plaintiff's motion for extension of time to file his objections to the pending findings and recommendations to dismiss the Doe Defendants from this action without prejudice, (ECF No. 51), is GRANTED; and
3. Within **thirty (30) days** from the date of service of this order, Plaintiff may file written objections to the September 16, 2022 findings and recommendations.

IT IS SO ORDERED.

Dated:  **October 5, 2022**          /s/ *Barbara A. McAuliffe*
                                                   UNITED STATES MAGISTRATE JUDGE