# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EMERSON FELIX,<br><br>    Plaintiff,<br><br>v.<br><br>CLENDENIN, *et al.*,<br><br>    Defendants. | Case No. 1:19-cv-01784-AWI-BAM (PC)<br><br>ORDER DISCHARGING ORDER REQUIRING DEFENDANT ZELT TO SHOW CAUSE WHY DEFAULT SHOULD NOT BE ENTERED<br><br>(ECF No. 50) |

Plaintiff Scott Emerson Felix ("Plaintiff") is a civil detainee proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

As Plaintiff is a civil detainee and has paid the filing fee, he is not a prisoner or proceeding *in forma pauperis*, and therefore the Court ordered the complaint to be served without screening. (ECF No. 13.) This action therefore proceeds on Plaintiff's complaint, filed December 23, 2019, (ECF No. 1), against Defendants California Department of State Hospitals ("DSH"), Department of State Hospitals – Coalinga ("DSH – Coalinga"), Stephanie Clendenin, Brandon Price, Francis Hicks, and Matthew Zelt.

On November 29, 2021, Defendants DSH, DSH – Coalinga, Clendenin, Price, and Hicks filed a motion to dismiss in response to the complaint. (ECF Nos. 28–30.) Following Plaintiff's assertion that he had never received a copy of the motion to dismiss, the Court ordered that the motion to dismiss be re-served on Plaintiff with his correct address, including his patient number. (ECF No. 39.) The motion to dismiss was re-filed on August 2, 2022.[1] (ECF No. 42.) Plaintiff

---

[1] On August 3, 2022, finding that the re-filed motion was duplicative of the earlier motion to dismiss, the Court denied the November 9, 2021 motion to dismiss as moot. (ECF No. 43.)

1

filed an opposition to the motion to dismiss on September 12, 2022, (ECF No. 45), and Defendants (excluding Defendant Zelt) filed a reply on September 29, 2022, (ECF No. 48).

During this time, service was directed on Defendant Matthew Zelt, (ECF No. 41), and an executed waiver of service was returned on September 6, 2022, (ECF No. 44). Following the expiration of the deadline for the filing of Defendant Zelt's answer to the complaint, the Court issued an order directing Defendant Zelt to show cause why default should not be entered against him, and further ordered that Defendant Zelt could comply with the Court's order by filing a response to the complaint by an extended deadline of thirty days. (ECF No. 50.)

In response, Defendant Zelt filed a joinder in the pending motion to dismiss the complaint, (ECF No. 53), and a response to the order to show cause explaining that he did not fully understand the process for securing representation and filing a response in this matter, (ECF No. 54). Defendant Zelt requests that now that he has filed a response within the deadline set by the Court's order to show cause, that the Court vacate the order to show cause. (ECF No. 54.)

Based on the prompt filing of Defendant Zelt's joinder in the pending motion to dismiss in response to the order to show cause, the Court finds that Defendant Zelt has demonstrated an intent to defend the suit on its merits. The Court can discern no prejudice to Plaintiff as a result of the brief delay, particularly as Defendant Zelt is joining in a motion already pending before the Court and has not requested further briefing of this matter.

Accordingly, the Court's October 4, 2022 order requiring Defendant Zelt to show cause why default should not be entered, (ECF No. 50), is HEREBY DISCHARGED. Defendants' motion to dismiss will be resolved in due course.

IT IS SO ORDERED.

Dated:   **October 12, 2022**              /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE