# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EMERSON FELIX,<br><br>    Plaintiff,<br><br>    v.<br><br>CLENDENIN, *et al.*,<br><br>    Defendants. | Case No. 1:19-cv-01784-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTIONS FOR APPOINTMENT OF COUNSEL, *IN FORMA PAUPERIS* STATUS, AND EXTENSION OF TIME<br><br>(ECF No. 56)<br><br>**Objection Deadline: November 7, 2022** |

**I.    Procedural Background**

Plaintiff Scott Emerson Felix ("Plaintiff") is a civil detainee proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

As Plaintiff is a civil detainee and has paid the filing fee, he is not a prisoner or proceeding *in forma pauperis*, and therefore the Court ordered the complaint to be served without screening. (ECF No. 13.) This action therefore proceeds on Plaintiff's complaint, filed December 23, 2019, (ECF No. 1), against Defendants California Department of State Hospitals ("DSH"), Department of State Hospitals – Coalinga ("DSH – Coalinga"), Stephanie Clendenin, Brandon Price, Francis Hicks, and Matthew Zelt.[1]

---

[1] Defendants DSH, DSH – Coalinga, Clendenin, Price, and Hicks filed a motion to dismiss on August 2, 2022. (ECF

1

1    The Court did not find service appropriate for Defendants John and Jane Does 1–25 employed at DSH or Defendants John and Jane Does 1–25 employed at DSH – Coalinga, and on July 24, 2020, ordered Plaintiff to identify those defendants with enough information to locate them for service of process by filing a motion to amend that included a proposed amended complaint substituting the true names of the Doe Defendants.  (ECF No. 13.)

Plaintiff was granted several extensions of time to identify these defendants, and on December 27, 2021 he submitted a filing which purported to be a motion to amend to substitute the names of the Doe Defendants, including a photocopy of the original complaint filed on December 23, 2019.  (ECF No. 33.)  That filing was signed and dated November 19, 2021.  (*Id.*)  As the filing did not include any additional identifying information about the Doe Defendants, the motion to amend was denied without prejudice on June 30, 2022.  (ECF No. 36.)  However, in light of Plaintiff's continued efforts to obtain the identities of the Doe Defendants, Plaintiff was granted a further extension of time, up to September 1, 2022, to identify the Doe Defendants.  (*Id.*)

On September 16, 2022, following the expiration of that deadline and Plaintiff's failure to file a renewed motion to substitute the identities of any of the Doe Defendants, the Court issued findings and recommendations to dismiss the Doe Defendants, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).  (ECF No. 46.)  Plaintiff was directed to file any objections within fourteen days from the date of service of that order.  (*Id.* at 3–4.)

On October 3, 2022, Plaintiff filed a Memorandum, which the Court construed as a motion for extension of time to file objections to the pending findings and recommendations.  (ECF No. 51.)  The Court granted the motion, and Plaintiff's objections are currently due on or before November 7, 2022.  (*Id.*)  The Court further specified that while Plaintiff would be permitted additional time to file his objections to the pending findings and recommendations, he should not file an additional copy of his November 19, 2021 motion to amend, and if Plaintiff had discovered new information regarding the identities of the Doe Defendants since filing the

---

No. 42.)  Defendant Zelt joined in the motion to dismiss on October 11, 2022.  That motion is fully briefed and pending before the Court.

November 19, 2021 motion to amend, he may discuss that information, and why it was not presented to the Court at an earlier time, in his objections. (*Id.* at 3.)

## II.     Plaintiff's Renewed Motions

Currently before the Court is Plaintiff's filing, received October 19, 2022, which contains: (1) a renewed motion for appointment of counsel; (2) a renewed motion to grant Plaintiff's application for *in forma pauperis* status; (3) a request for an extension of time until October 31, 2022 to research whether Plaintiff ever received the Court's August 26, 2021 order, (ECF No. 21), to respond to the Court's June 30, 2022 order, (ECF No. 36); and (4) a request for a courtesy copy of the Court's August 26, 2021 order, (ECF No. 21). (ECF No. 56.) Although Defendants have not yet had an opportunity to file a response, the Court finds a response unnecessary. The motions are deemed submitted. Local Rule 230(l).

Plaintiff's motions for appointment of counsel and for *in forma pauperis* status are summarily denied. The Court has previously denied Plaintiff's motions for appointment of counsel, (ECF Nos. 21, 25, 36, 39), and motions for *in forma pauperis* status, (ECF Nos. 10, 21, 25, 36, 39), and Plaintiff presents no new argument or evidence to support a different determination.

To the extent Plaintiff is requesting an extension of time to respond to the Court's June 30, 2022 order, (ECF No. 36), which provided Plaintiff with an additional sixty (60) days to file a motion to amend with a proposed first amended complaint that identifies the true names of the Doe Defendants with enough information to locate them for service of process, this request is denied. Although Plaintiff contends that he did not receive the Court's August 26, 2021 order, (ECF No. 21), which set the original deadline for Plaintiff to file a motion to amend substituting the names of the Doe Defendants, at no point does Plaintiff state that he did not receive the Court's June 30, 2022 order, (ECF No. 36). In fact, Plaintiff previously declared that he received the June 30, 2022 order extending the deadline to identify the Doe Defendants, in a declaration attached to his July 27, 2022 motion to appoint counsel, motion to grant *in forma pauperis* status, and motion for extension of time, (ECF No. 38).[2] Accordingly, Plaintiff has not provided good

---

[2] The motion was received and docketed by the Court on July 27, 2022. (ECF No. 38.) For Plaintiff's records, the

cause for an extension of any deadline set by the June 30, 2022 order extending the deadline to file a motion to amend, (ECF No. 36).

If Plaintiff is instead requesting an extension of time to file his objections to the pending findings and recommendations to dismiss the Doe Defendants, (ECF No. 46), that request is denied as moot. On October 5, 2022, the Court issued an order granting Plaintiff a thirty-day extension of time to file objections to the pending and findings and recommendations. (ECF No. 52.) Those objections are currently due on or before November 7, 2022, which is a week beyond the time Plaintiff requests in the instant motion. Therefore, any extension of this deadline to October 31, 2022, is unnecessary.

Plaintiff is reminded that, pursuant to the October 5, 2022 order, he is permitted to file **<u>objections</u>** to the pending findings and recommendations. However, Plaintiff should **<u>not</u>** file an additional copy of his November 19, 2021 motion to amend, as the Court has already reviewed and rejected the arguments contained in that filing. If Plaintiff has discovered new information regarding the identities of the Doe Defendants since he filed the November 19, 2021 motion to amend, he may discuss that information, and why it was not presented to the Court at an earlier time, in his objections to the findings and recommendations.

### III.     Plaintiff's Request for Courtesy Copy

Finally, Plaintiff's request for a courtesy copy of the Court's August 26, 2021 order, (ECF No. 21), is denied. Plaintiff is informed that the Clerk of the Court does not ordinarily provide free copies of case documents to parties, and Plaintiff is responsible for maintaining his own records for this proceeding. Further, even if Plaintiff were proceeding *in forma pauperis* in this action, that status would not entitle him to free copies of documents from the Court. *E.g.*, *Hullom v. Kent*, 262 F.2d 862, 863 (6th Cir. 1959.) The Clerk charges $0.50 per page for copies of documents. *See* 28 U.S.C. § 1914(b). Copies of up to twenty pages may be made by the Clerk's Office at this Court upon written request, prepayment of the copy fees, and submission of a large, self-addressed stamped envelope. The August 26, 2021 order, (ECF No. 21), is 6 pages long, for a total copy fee of $3.00.

---

motion contains of proof of service by mail signed and dated July 20, 2022. (*Id.* at 27.)

In addition, the Court finds Plaintiff's contention that he never received a copy of the August 26, 2021 order, (ECF No. 21), not credible.  That order, among other matters, found service appropriate for the named defendants and forwarded the necessary service documents to Plaintiff for completion and return within thirty days.  (ECF No. 21, p. 6.)  On September 27, 2021, those completed service documents were submitted by Plaintiff, together with a motion indicating that he had complied with the Court's August 26, 2021 order for service.  (ECF Nos. 22, 23.)  The next day, the Court directed the United States Marshal to serve the complaint, together with the same completed service documents, on the named defendants.  (ECF No. 24.)  As no other orders were issued containing the necessary service documents, and no other orders were issued on August 26, 2021 in this case, the docket and Plaintiff's own filings confirm that Plaintiff timely received the Court's August 26, 2021 order, understood its directives, and responded accordingly.

**IV.    Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motions to appoint counsel, to grant *in forma pauperis* status, and for extension of time, (ECF No. 56), are DENIED; and
2. Plaintiff's written objections to the September 16, 2022 findings and recommendations to dismiss Doe Defendants from action without prejudice, (ECF No. 46), remain due on or before **November 7, 2022**.

IT IS SO ORDERED.

Dated:    **October 20, 2022**         /s/ *Barbara A. McAuliffe*
                                                                                       UNITED STATES MAGISTRATE JUDGE