# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EMERSON FELIX,<br><br>Plaintiff,<br><br>v.<br><br>CLENDENIN, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-01784-AWI-BAM (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SECOND EXTENSION OF TIME TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 71)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Scott Emerson Felix ("Plaintiff") is a civil detainee proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

As Plaintiff is a civil detainee and has paid the filing fee, he is not a prisoner or proceeding *in forma pauperis*, and therefore the Court ordered the complaint to be served without screening. (ECF No. 13.) This action therefore proceeds on Plaintiff's complaint, filed December 23, 2019, (ECF No. 1), against Defendants California Department of State Hospitals ("DSH"), Department of State Hospitals – Coalinga ("DSH-Coalinga"), Stephanie Clendenin, Brandon Price, Francis Hicks, and Matthew Zelt.

///

1  On February 27, 2023, the Court issued an order denying Plaintiff's request for judicial
2 notice and renewed request for appointment of counsel, together with findings and
3 recommendations that Defendants' motion to dismiss be granted and this action be dismissed,
4 without leave to amend. (ECF No. 67.) The parties were directed to file any objections to the
5 findings and recommendations within fourteen days. (*Id.* at 21.) Following an order partially
6 granting Plaintiff's request for an extension of time, Plaintiff's objections are due on or before
7 March 31, 2023. (ECF No. 69.)

8  Currently before the Court is Plaintiff's request for a second extension of time to file his
9 objections to the findings and recommendations, filed March 29, 2023. (ECF No. 71.) Plaintiff
10 states that he again received the Court's order eight days after it was served, giving Plaintiff only
11 six days to respond. Plaintiff argues that the Court's previous order is biased because it did not
12 require Defendants to file a response, and Plaintiff must review over fifty case authorities and
13 twenty to thirty federal rules of court in the Court's February 27, 2023 findings and
14 recommendations, as a layman, while dealing with Defendants' obstruction, modified hospital
15 program, and his other court proceeding. Plaintiff further states that he is on modified COVID-19
16 program, he must seek legal pleadings in hospital storage, has limited access to the library, and he
17 is working on a reply brief in a state appellate proceeding. Plaintiff requests an extension of sixty
18 days, or until May 27, 2023 to file his objections. (*Id.*)

19  Defendants have not yet had an opportunity to respond to Plaintiff's motion, but the Court
20 finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

21  Having considered the request, the Court finds good cause to grant, in part, Plaintiff's
22 motion for an extension of time. Fed. R. Civ. P. 6(b). The Court finds that Plaintiff's late receipt
23 of the findings and recommendations and need to conduct further research, with limited access to
24 the library at his institution, provides good cause for a further extension. However, the Court
25 finds that an extension of sixty days is excessive, especially in light of Plaintiff's failure to
26 explain what work, if any, he has already done to prepare his objections in the month since the
27 findings and recommendations were issued. The Court finds that an extension of thirty days is
28 appropriate under the circumstances.

<u>Plaintiff is informed that although he may not receive the Court's order immediately after it is issued, he remains responsible for continuing to draft any objections during the time he is waiting for the Court's response to his request for extension of time.</u>  Plaintiff is further advised that future requests for extension of this deadline will be subject to a narrow interpretation of what constitutes good cause.  If Plaintiff files another request to extend this deadline, Plaintiff should be prepared to explain what work is already completed, what work remains to be done, and what efforts Plaintiff has taken to complete his objections.  If Plaintiff fails to do so, the Court may find that he has failed to present good cause for a further extension, and the request will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a second extension of time to file objections to the findings and recommendations, (ECF No. 71), is GRANTED IN PART and DENIED IN PART, as discussed above; and
2. Plaintiff shall file his objections to the February 27, 2023 findings and recommendations within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

Dated:   **March 31, 2023**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

3