# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EMERSON FELIX,<br><br>        Plaintiff,<br><br>    v.<br><br>CLENDENIN,<br><br>        Defendants. | Case No. 1:19-cv-01784-AWI-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS DOE DEFENDANTS FROM ACTION WITHOUT PREJUDICE<br><br>(ECF No. 46) |

Plaintiff Scott Emerson Felix is a civil detainee proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institution Code § 6600 *et seq.* are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

As Plaintiff is a civil detainee and has paid the filing fee, he is not a prisoner or proceeding *in forma pauperis*, and therefore the Magistrate Judge ordered the complaint to be served without screening. (ECF No. 13.) This action therefore proceeds on Plaintiff's complaint, filed December 23, 2019, (ECF No. 1), against Defendants California Department of State Hospitals ("DSH"), Department of State Hospitals – Coalinga ("DSH – Coalinga"), Stephanie Clendenin, Brandon Price, Francis Hicks, and Matthew Zelt.

On July 24, 2020, the assigned Magistrate Judge directed Plaintiff to file a motion to substitute the identities of Defendants John and Jane Does 1–25 employed at DSH or Defendants

1

John and Jane Does 1–25 employed at DSH-Coalinga that provided the Court with enough information to locate them for service of process. (ECF No. 13.) The Magistrate Judge granted several extensions of this deadline, up to and including September 1, 2022. (ECF Nos. 21, 36.) Plaintiff was repeatedly warned that failure to file an amended complaint identifying the Doe Defendants would result in dismissal of any unidentified Doe Defendants from this action. (ECF No. 13, p. 4; ECF No. 36, p. 4.)

Following Plaintiff's failure to file a motion to amend or a proposed amended complaint which provided identifying information for any of the Doe Defendants, on September 16, 2022, the Magistrate Judge issued findings and recommendations to dismiss Defendants John and Jane Does 1–25 employed at DSH and Defendants John and Jane Does 1–25 employed at DSH-Coalinga from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 46.) Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 3.)

On October 3, 2022, Plaintiff filed a "Memorandum" to the Court indicating that he received the findings and recommendations and stating that he had filed a motion to amend on November 19, 2021. (ECF No. 51.) The Magistrate Judge construed Plaintiff's Memorandum as a request for extension of time to file objections to the findings and recommendations. (ECF No. 52.) The Magistrate Judge further clarified that the Court received Plaintiff's November 19, 2021 motion to amend, which was filed with the Court on December 27, 2021. (ECF No. 33.) The motion was denied on June 30, 2022, without prejudice, because Plaintiff had merely attached a photocopy of the original complaint, and it included no new identifying information for any of the Doe Defendants. (ECF No. 36, p. 3.) Based on that discussion, the Magistrate Judge permitted Plaintiff "additional time to file **objections** to the pending findings and recommendations" but stated that "Plaintiff should **not** file an additional copy of his November 19, 2021 motion to amend, as the Court has already reviewed and rejected the arguments contained in that filing." (ECF No. 52, p. 3.) Plaintiff was reminded of this limitation again in the Magistrate Judge's October 20, 2022 order denying Plaintiff's further motion for extension of time as moot. (ECF

2

No. 57, pp. 2–3.)

In lieu of objections, on October 20, 2022, Plaintiff filed several new motions. (ECF Nos. 58, 59.) Plaintiff did not otherwise file objections to the Magistrate Judge's findings and recommendations.

Plaintiff's motions renew his various requests for *in forma pauperis* status, appointment of counsel, and extension of time to identify the Doe Defendants. (ECF Nos. 58, 59.) In addition, despite the Magistrate Judge's repeated warnings, Plaintiff submitted another copy of his November 19, 2021 motion to amend (filed on December 27, 2021 at ECF No. 33). (ECF No. 59, pp. 1–6.) The re-filed motion to amend, despite the addition of new exhibits and attachments, again fails to provide any new information that would assist the Court in identifying the Doe Defendants for service of process.

Upon review of the filings, the Court finds no basis warranting rejection of the Magistrate Judge's findings and recommendations. The motions for *in forma pauperis* status and appointment of counsel have been repeatedly rejected, (ECF Nos. 10, 21, 25, 36, 39, 57), and Plaintiff has provided no new arguments in support of those requests. As discussed in the findings and recommendations, Plaintiff was permitted multiple opportunities to provide sufficient information to identify the Doe Defendants, during which time Plaintiff failed to comply with Court orders. Although Plaintiff claims to have submitted Public Records Act Inspection Requests regarding the identities of the Doe Defendants, (ECF No. 59, p. 33–35), there is no indication that requests were ever submitted to the appropriate records agencies, or if they were, that they were actually received.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's objections and motions, the Court concludes that the Magistrate Judge's findings and recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on September 16, 2022, (ECF No. 46), are adopted in full;

3

2. Plaintiff's motions for extension of time and to amend, (ECF Nos. 58, 59), are denied;

3. Defendants John and Jane Does 1–25 employed at DSH and Defendants John and Jane Does 1–25 employed at DSH – Coalinga are dismissed from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m);

4. This action shall proceed against Defendants California Department of State Hospitals ("DSH"), Department of State Hospitals – Coalinga ("DSH – Coalinga"), Stephanie Clendenin, Brandon Price, Francis Hicks, and Matthew Zelt; and

5. This matter is referred back to the Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   April 7, 2023                                    _____
                                                          SENIOR DISTRICT JUDGE