# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EMERSON FELIX,<br><br>Plaintiff,<br><br>v.<br><br>CLENDENIN, *et al.*,<br><br>Defendants. | No. 1:19-cv-01784 JLT BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTIONS TO DISMISS<br><br>(Docs. 42, 67) |

Scott Emerson Felix is a civil detainee proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.[1] This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The assigned magistrate judge found Plaintiff was unable to state claims against California Department of State Hospitals and Department of State Hospitals-Coalinga, as such claims were barred by the Eleventh Amendment. (Doc. 67 at 14-15.) The magistrate judge also found Plaintiff's claims were subject to the state's two-year statute of limitations and were time-barred. (*Id.* at 15-18.) Even if the statute of limitations did not apply, the magistrate judge found Plaintiff's "claims would fail because Plaintiff has not alleged and cannot allege that his own rights were violated by the elimination of the educational programs." (*Id.* at 19.) Further, the

---

[1] Individuals detained pursuant to the California Welfare and Institutions Code § 6600 *et seq.* are considered civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).

1

magistrate judge determined that Plaintiff could not represent the interests of other civil detainees as an individual proceeding *in propria persona.* (*Id.* at 19-20.) Therefore, the magistrate judge recommended the motion to dismiss be granted. (*Id.* at 21.) Because leave to amend would be futile, the magistrate judge recommended the dismissal be without leave to amend. (*Id.* at 20-21.)

On June 23, 2023, Plaintiff filed objections to the Findings and Recommendations. Plaintiff maintains that the defendants are not immune to liability under the Eleventh Amendment, and his claims are not subject to the statute of limitation due to equitable tolling. (Doc. 77.) However, Plaintiff does not present any facts that undermine the findings of the magistrate judge or demonstrate any error in the analysis.

As the magistrate judge determined, the California Department of State Hospitals is a state agency and is entitled to Eleventh Amendment immunity. *Foster v. State Dep't of State Hosps.*, 2021 WL 5330976, at *2 (E.D. Cal. Nov. 16, 2021) (finding "the Eleventh Amendment serves as a jurisdictional bar" to the plaintiff's suit against the Department of State Hospitals, as a state agency), *findings adopted* 2022 WL 222067 (E.D. Cal. Jan. 25, 2022). As a part of the agency, the Department of State Hospitals-Coalinga is also entitled to Eleventh Amendment immunity. *See Cardenas v. Coalinga State Hosp.*, 2023 WL 5107191, at *3 (E.D. Cal. Aug. 9, 2023) ("because Coalinga State Hospital is part of the California Department of State Hospitals, which is a state agency, it is also entitled to Eleventh Amendment immunity from suit").

In addition, Plaintiff does not show he is entitled to equitable tolling of his claims related to termination of the educational program, as the continuing violation doctrine is not applicable to his claim arising under Section 1983. *See Carpinteria Valley Farms, Ltd. v. Cty. of Santa Barbara,* 344 F.3d 822, 829 (9th Cir. 2003) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)); *Lyons v. England*, 307 F.3d 1092, 1107 (9th Cir. 2002). Further, even if the claims were timely, Plaintiff fails to allege facts sufficient to show he was entitled to participate in the educational programs and suffered a violation of his civil rights.

According to 28 U.S.C. § 636(b)(1)(C), the Court conducted a *de novo* review of the action. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations are supported by the record and by proper analysis.

Thus, the Court **ORDERS**:

    1.    The Findings and Recommendations issued on February 27, 2023 (Doc. 67) are **ADOPTED** in full.

    2.    Defendants' motion to dismiss (Doc. 42) is **GRANTED**.

    3.    This action is **DISMISSED** without leave to amend.

    4.    The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **September 21, 2023**

UNITED STATES DISTRICT JUDGE